UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE EDWARD SISK,

                              Plaintiff,

                 -against-

MCC, *et al.*

                              Defendants.

20-CV-10293 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

        Plaintiff, currently incarcerated at the Metropolitan Correctional Center (MCC), brings

this *pro se* action under 42 U.S.C. §1983, alleging that Defendants violated his constitutional

rights. By order dated January 20, 2021, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court grants

Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

        [1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

## BACKGROUND

The complaint contains the following allegations. Plaintiff suffers from schizophrenia, and he was sent to MCC for evaluation but has not received any "answers" and is not receiving his "food."[2] On September 1, 2020, Plaintiff was found competent to stand trial, but he has been waiting for "transport" and no one can give Plaintiff a "reason" why he is still waiting. Plaintiff cannot "stay focused" on his trial, and he asserts that he is being treated differently from other inmates and that MCC "mental health staff" have committed malpractice.

Plaintiff makes numerous allegations regarding the conditions of his confinement. According to Plaintiff, there are holes in the walls and black mold; there are leaks in the cells; toilets, tables, chairs, beds, and lights are broken; the bunk beds lack ladders; lockers, beds, sinks, lights, vents, and electrical wiring can be "made into" weapons; the bed sheets are cotton and "burn easily"; the windows are broken and there is bird feces in the cells; the food service is unsanitary and food portions are small; there is vermin (bugs, mice, and rats), and no refund is provided when vermin destroy commissary items after purchase; no cleaning supplies are provided; the law library is inadequate; there is no recreation time provided; multiple detainees are forced to shower at the same time; and the building is old and not up to "OSHA standards."

MCC is named as the sole defendant in the caption of the complaint, but in the body of the complaint Plaintiff lists Mrs. Shlessinger; Dr. Elissa Miller, Chief Psychologist; the "DHO"; Marti Licon-Vitale; Brian Best, the Associate Warden of Programs; Charisma Edge, the Associate Warden of Operations; Jeremy Nash, the Associate Warden of Custody; Lee Plourde, Executive Assistant; Unit Manager Rivera; and Case Manager Rodriguez. Plaintiff does not

---

[2] Plaintiff's detention relates to an arrest in Indiana. *See United States v. Sisk*, No. 20-mj-377-1 (S.D. Ind. Oct. 8, 2020) (competency report filed under seal).

assert any specific allegations against these individuals. Plaintiff seeks money damages and to be "placed back in the Marion County Jail or home detention or released." After Plaintiff filed this complaint, he submitted letters seeking declaratory and injunctive relief in connection with his mail and medical care. (ECF 3, 5.)

## DISCUSSION

### A.    Sovereign Immunity

Under the doctrine of sovereign immunity, MCC is immune from suit. The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

Thus, the Court dismisses MCC under the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### B.    Federal Tort Claims Act

Because Plaintiff asserts facts related to the conditions of his confinement at the MCC, the Court construes these allegations as asserting a claim for money damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80.

The FTCA provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. *See* § 1346(b)(1). The only proper defendant for an FTCA claim is the United States of America. *See* § 1346(e); *see, e.g.*, *Holliday v. Augustine*, No. 14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015).

An FTCA claimant must exhaust his administrative remedies before filing suit in federal court by: (1) filing a claim for money damages with the appropriate federal government entity and (2) receiving a final written determination from that agency. *See* 28 U.S.C. § 2675(a); *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013). FTCA claims must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" and an FTCA action must be commenced within six months of when the agency issues its final denial of administrative remedy. *Roberson v. Greater Hudson Valley Family Health Ctr., Inc.*, ECF 1:17-CV-7325, 17, 2018 WL 2976024, at *2 (S.D.N.Y. June 12, 2018); *see also* 28 U.S.C. § 2401(b). This exhaustion requirement is jurisdictional and cannot be waived. *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

There are no facts in the complaint suggesting that Plaintiff filed grievances at the MCC, filed a claim with the Federal Bureau of Prisons (FBOP) for money damages, or that he received a final written determination from the FBOP. The Court therefore dismisses this claim without prejudice to Plaintiff's filing an action asserting an FTCA claim against the United States, after he has exhausted his administrative remedies.

C.    ***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics***

Plaintiff styles his complaint as a civil rights action under 42 U.S.C. § 1983. Because Plaintiff alleges that employees of the federal government – not state government – violated his constitutional rights, the Court construes Plaintiff's claims as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983].");  *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014)

(holding that district court properly construed § 1983 claims brought against federal employee as arising under *Bivens*).

To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). *Bivens* relief is available only against federal officials who are personally liable for the alleged constitutional violations. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017); *Turkmen v. Hasty*, 789 F3d 218, 233 (2d Cir. 2015). The Supreme Court has recognized *Bivens* claims in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of an inmate under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). *See Ziglar*, 137 S. Ct. at 1854-55.

The Fifth Amendment protects federal pretrial detainees from deliberate indifference to their serious medical needs. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Darnell v. Pineiro*, 849 F.3d 17, 21 n.3 (2d Cir. 2017). Federal pretrial detainees may bring a Fifth Amendment claim for failure to provide medical treatment as a *Bivens* action because such a claim bears a strong resemblance to the claim in *Carlson*. *See, e.g.*, *Laurent v. Borecky*, No. 17-CV-3300 (PKC) (LB), 2018 WL 2973386, at *5 (E.D.N.Y. June 12, 2018).

To assert a claim for inadequate medical care, a plaintiff must plead facts showing that (1) the deprivation of medical care is objectively "sufficiently serious" in light of a medical condition "that may produce death, degeneration, or extreme pain," *Hill*, 657 F.3d at 122, and

(2) "the defendant-official . . . intentionally . . . or recklessly failed to act with reasonable care . . . even though the defendant-official knew, or should have known," that the alleged medical condition "posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35; *see also Hill*, 657 F.3d at 122–23.

Plaintiff alleges that MCC mental health staff have committed "malpractice." But Plaintiff fails to plead facts suggesting that any individual defendant was personally involved in denying him adequate mental health care or otherwise acted with deliberate indifference toward a serious mental health or other medical need. The Court grants Plaintiff leave to replead his *Bivens* claim that he was denied adequate mental health care. Should he choose to replead, he must name as defendants any officer or officers who were personally involved in the deprivation of his constitutional rights, and provide facts explaining the nature of their involvement in violating his rights.

**D.     28 U.S.C. § 2241**

Federal prisoners challenging the conditions of their confinement and seeking injunctive relief may do so in a petition brought under 28 U.S.C. § 2241. *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008); *see, e.g., Ilina v. Zickefoose*, 591 F. Supp. 2d 145, 150 (D. Conn. 2008) (noting that "the Second Circuit has repeatedly and consistently held § 2241 to be a proper vehicle for asserting conditions-of-confinement claims, without limitation").

While there is no statutory exhaustion requirement for a § 2241 petition, in this Circuit, exhaustion of administrative remedies is generally a prerequisite to *habeas corpus* relief under § 2241. *See Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 634 (2d Cir. 2001); *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976). A federal prisoner seeking to challenge the conditions of his confinement must first utilize a four-step

Administrative Remedy Program developed by the Bureau of Prisons. *See Boiling v. Terrell,* No. 10–CV–3594 (KAM), 2010 WL 5101074, at *2 (E.D.N.Y. Dec. 8, 2010); 28 C.F.R. §§ 542.10–19.

The Court grants Plaintiff leave to allege facts in support of any claim for injunctive relief under § 2241 and to allege that he has exhausted his administrative remedies.

**E.    Injunctive Relief**

Plaintiff seeks the Court's immediate intervention in matters involving his mail and his medical care. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth above, Plaintiff fails to state a claim for relief. The Court therefore finds that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for injunctive relief is denied at this time.

**LEAVE TO AMEND**

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each

claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-10293 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If

Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   February 3, 2021
         New York, New York

                                        *Louis L. Stanton*
                                        Louis L. Stanton
                                        U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

**COMPLAINT**

(Prisoner)

_____

_____

_____

Do you want a jury trial?
☐ Yes    ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐   Violation of my federal constitutional rights

☐   Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                  Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                            State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐   Pretrial detainee
☐   Civilly committed detainee
☐   Immigration detainee
☐   Convicted and sentenced prisoner
☐   Other: _____

## IV.     DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                      Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                   Zip Code

Defendant 2:

First Name                      Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                   Zip Code

Defendant 3:

First Name                      Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                   Zip Code

Defendant 4:

First Name                      Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                   Zip Code

## V.   STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6